UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID SCOTT,　　　　　　　　　　　　　　　　　　No. 05-14365

　　　　　　　　　　　Debtor(s).
_____/

DONALD SCOTT,

　　　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　　　A.P. No. 06-1054

DAVID SCOTT,

　　　　　　　　　　　Defendant(s).
_____/

Memorandum After Trial
_____

　　　From late September to late October, 2004, at a time when he knew his brother was asserting substantial claims against him, debtor and defendant David Scott converted at least $180,000.00 into cash. He says he spent it all on gambling and high living, although he has produced little substantiation. A substantial portion of the dissipation was after October 15, 2004; he filed his Chapter 7 petition on October 15, 2005. His brother, plaintiff Donald Scott, objects to his discharge.

　　　Courts have consistently held that vague and unsubstantiated claims of gambling losses do not

1

satisfactorily explain loss of assets so as to preserve a right to discharge. *In re Dolin*, 799 F.2d 251 (6th Cir.1986); *Matter of Reed*, 700 F.2d 986, 993 (5th Cir. 1983); *In re Wilch*, 157 B.R. 342, 345 (Bkrtcy.N.D.Ohio 1993); *In re Burns*, 133 B.R. 181, 185 (Bkrtcy.W.D.Pa.1991); *In re McMahon*, 116 B.R. 857, 861 (Bkrtcy.M.D.Fla.1990); etc., etc. Scott has not come anywhere near substantiating his claims, and his discharge must be denied for that reason alone pursuant to § 727(a)(5) of the Bankruptcy Code.

Moreover, Scott testified that the reason he converted his funds to cash was to keep his brother from employing legal process to seize it. Such conduct constitutes concealment with intent to hinder a creditor, barring a discharge pursuant to § 727(a)(2)(A) of the Code. *In re Schafer,* 294 B.R. 126 (N.D.Cal.2003).

To the extent Scott actually did lose some of the money gambling, he admits that he was not as careful as he would ordinarily be about his gambling because he thought his brother might be able to seize anything not lost. This amounts to wanton destruction of his property with the intent to hinder his brother, also requiring denial of discharge pursuant to § 727(a)(2)(A).

For the foregoing reasons, as well as those stated on the record, Scott's discharge will be denied. Plaintiff Donald Scott shall recover his cost of suit.

This memorandum and the reasons given on the record constitute the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiff shall submit an appropriate form of judgment forthwith.

Dated: November 16, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

2